709 S.E.2d 632

**In the Matter of J.M. LONG, III, Respondent.**

**No. 26963.**

Supreme Court of South Carolina.

Submitted March 28, 2011.

Decided April 25, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Susan B. Hackett, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Russell Blake Long, of Myrtle Beach, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension from the practice of law for any period up to and including nine (9) months. In addition, respondent agrees to obtain mental health counseling for a period of one year and to provide the Commission on Lawyer Conduct (the Commission) with quarterly reports from his mental health counselor certifying his cooperation with counseling. Respondent requests that the period of suspension be made retroactive to the date of his interim suspension.[1] We accept the agreement and impose a nine month suspension, retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

On November 23, 2009, the City of Conway Police Department issued two warrants for respondent's arrest on charges of indecent exposure. The arrest warrants alleged that on November 10, 2009, and November 16, 2009, respondent ex-

---

1. On March 1, 2010, the Court placed respondent on interim suspension. *In the Matter of Long*, 387 S.C. 19, 690 S.E.2d 774 (2010).

posed his private parts in plain view of the public. According to statements by witnesses, respondent was inside his law office standing behind a clear glass storm door at the time of the exposures.

On November 24, 2009, respondent voluntarily surrendered to the police. He was released on bond the same day.

On January 25, 2010, respondent was served with two additional warrants for indecent exposure. The warrants alleged that during the spring and summer of 2006, respondent indecently exposed himself while standing behind the glass storm door of his home.

In 2011, a grand jury indicted respondent on two counts of exposure of private parts in a lewd and lascivious manner. On January 6, 2011, respondent entered a plea to two counts of exposing private parts pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The remaining counts of indecent exposure were dismissed by the prosecutor. Respondent was sentenced to thirty (30) days in jail or a fine of $300 on each count. Respondent paid the fines.

## *LAW*

Respondent admits that by his misconduct he has violated the following Rule of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects). In addition, respondent admits that his actions constitute grounds for discipline under Rule 7(a)(5), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months, retroactive to the date of his interim suspension. Further, respondent shall obtain mental health counseling for a period of one (1) year from the date of this opinion and shall

provide quarterly reports from his mental health counselor to the Commission certifying his cooperation with counseling. Respondent shall pay the costs incurred in the investigation and prosecution of this matter no later than thirty (30) days from the date of this opinion. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**